UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIM LANORE,                              §
                                         §
    Plaintiff,                           §
                                         §
v.                                       §    CIVIL ACTION NO. 3:24-CV-2251-B
                                         §
CORPORATION OF THE EPISCOPAL             §
DIOCESE OF DALLAS,                       §
CORPORATION OF THE EPISCOPAL             §
DIOCESE OF DALLAS d/b/a THE              §
EPISCOPAL DIOCESE OF DALLAS,             §
and THE EPISCOPAL DIOCESE OF             §
DALLAS,                                  §
                                         §
    Defendants.                          §

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Attorney's Fees (Doc. 43) filed by Defendants Corporation of the Episcopal Diocese of Dallas, Corporation of the Episcopal Diocese of Dallas d/b/a The Episcopal Diocese of Dallas, and the Episcopal Diocese of Dallas (collectively, "Defendants"). For the following reasons, the Court **DENIES** Defendants' Motion.

## I.

## BACKGROUND

This is an employment-discrimination suit. The Court previously ruled against LaNore and denied her religious accommodation claim. Defendants now move for attorney's fees under Title VII. *See* 42 U.S.C. § 2000e-5(k) (permitting a court, in its discretion, to award reasonable attorney's fees to the prevailing party). The relevant factual background is laid out in full in the Court's prior

Memorandum Opinion and Order that granted Defendants' summary judgment motion. *See* Doc. 41, Mem. Op. & Order, 1-2. Below, the Court summarizes the case's relevant history.

In November 2025, Defendants moved for summary judgment on LaNore's religious discrimination claims. *See generally* Doc. 24, Mot. Summ. J. Defendants' principal argument was that they were exempt from religious discrimination claims under both Title VII and the Texas Commission on Human Rights Act (the "TCHRA"). *See* Doc. 25, Summ. J. Br., 12-19. Title VII contains the following exemption for religious organizations:

> This subchapter [of Title VII] shall not apply to . . . a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities.

42 U.S.C. § 2000e-1(a). Likewise, the TCHRA contains the following exemption for religious organizations:

> (a) A religious corporation, association, society, or educational institution or an educational organization operated, supervised, or controlled in whole or in substantial part by a religious corporation, association, or society does not commit an unlawful employment practice by limiting employment or giving a preference to members of the same religion.
>
> (b) Subchapter B [Tex. Lab. Code § 21.051 et seq.] does not apply to the employment of an individual of a particular religion by a religious corporation, association, or society to perform work connected with the performance of religious activities by the corporation, association, or society.

Tex. Lab. Code § 21.109 (footnote omitted).

In response, LaNore did not dispute that Defendants were a religious organization. *See* Doc. 28, Mot. Summ. J. Resp., 10-11. Instead, she argued that Defendants failed to establish their affirmative defense—exemption from religious discrimination claims—as a matter of law. *See id.* LaNore asserted that she was not fired for her religion, i.e., being Baptist rather than Episcopalian, but because she refused to get the COVID vaccine. *See id.* In her view, Defendants' vaccine

requirement was not a religious preference. *See id.* In contrast, her opposition to the vaccine derived from her religious beliefs. *See id.* LaNore interpreted the statutory exemptions for religious organizations as permitting religious discrimination claims when the employment decision was not based on the employer's religious preferences. *See id.* at 12-13.

In granting summary judgment to Defendants, the Court rejected LaNore's interpretation. *See* Doc. 41, Mem. Op. & Order, 10. The Court concluded that the Title VII and TCHRA exemptions for religious organizations categorically exempt Defendants from LaNore's religious discrimination claims. *See id.* at 9. A final judgment was issued that same day. *See generally* Doc. 42, Final J.

Defendants have now requested the Court award their attorney's fees. *See generally* Doc. 43, Mot. Att'y Fees. LaNore filed a response (Doc. 45), and Defendants filed a reply (Doc. 47). The Court considers the Motion below.

## II.

### LEGAL STANDARD

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see also* § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ."). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To determine whether a plaintiff's claims are frivolous, district courts should review the following factors: "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 621 (5th Cir. 2020) (citing *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)). "These factors are, however, guideposts, not hard and fast rules." *Id.* (quoting *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011)). "Determinations regarding frivolity are to be made on a case-by-case basis." *Silsbee Indep. Sch. Dist.*, 440 F. App'x at 425 (citation omitted).

In *Christiansburg*, the Supreme Court cautioned that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." 434 U.S. at 422. Thus, in evaluating attorney's fees motions in Title VII cases, district courts should resist the "temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id* at 421-22. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* at 422.

### III.

### ANALYSIS

Defendants' Motion is **DENIED** because the Court finds that the Defendants have not shown LaNore's claims were frivolous.

Defendants argue LaNore's claims were "'groundless or without foundation' from the get-go" due to the religious organization exemptions. *See* Doc. 44, Defs.' Br., 6. According to Defendants, they informed LaNore that they could not be sued for religious discrimination throughout the litigation. *Id.* at 2-4. They offered LaNore $100 to settle the claim after the mediation

and before dispositive motions were filed. *See id.* at 7; Doc. 46, LaNore Resp., 5. On these facts, Defendants believe a grant of attorney's fees is warranted.

The Court disagrees and finds that LaNore's claims were not "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. To be sure, the Court rejected LaNore's interpretation of the religious organization exemption statutes. But that rejection does not mean LaNore's argument interpreting the statutes differently was baseless. As demonstrated by the Court's prior opinion and the parties' briefing, there is no mandatory case law available that applies the religious exemptions under similar facts. Without mandatory authority foreclosing LaNore's interpretation of the religious organization exemption statutes, it is hard to characterize her argument as groundless. The Court avoids the "temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *See Christiansburg*, 434 U.S. at 421-22.

## IV.

## CONCLUSION

Accordingly, after reviewing the relevant circumstances of the case, the Court finds LaNore's claims were not frivolous and accordingly **DENIES** Defendants' Motion for Attorney's Fees under § 2000e-5(k).

**SO ORDERED.**

**SIGNED:** July 16, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE